[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13944
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20942-FAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PEDRO FONTANEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 3, 2018)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Pedro Juan Fontanez appeals his sentence for seventy-two months of imprisonment, which was imposed after he pled guilty to one count of robbery under the Hobbs Act, 18 U.S.C. § 1951(a).  On appeal, Fontanez argues that his sentence, which exceeded the guidelines range, was substantively unreasonable.  It was not.  We affirm.

## I.

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (*en banc*).  An abuse of discretion has occurred if the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Id.* at 1189 (quotation omitted).  Under this standard, however, "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call."  *Id.* (quotation omitted).  The party who challenges the sentence has the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We determine the reasonableness of a sentence by considering the totality of the circumstances. *Id.* The district court must impose a sentence sufficient, but not greater than necessary, to fulfill the purposes listed in § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational and vocational training. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

The weight the district court gives to any specific § 3553(a) factor is committed to its sound discretion. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). We remand a case for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

## II.

On October 15, 2016, Fontanez robbed a convenience store. He approached the cash register, reached into his waistband, and threatened to shoot the attendant if she refused to give him money. In response to his demand, the attendant placed

3

$140 into a brown bag.  Fontanez grabbed the bag, left the convenience store, and ran down the street.  Law enforcement officers apprehended him a few minutes later.  Fontanez did not have a weapon.  He pled guilty to one count of robbery under 18 U.S.C. § 1951(a).

Fontanez has a long rap sheet.  He has fifteen previous convictions, many which involved theft or violence.[1]  He also has been arrested nineteen times; a number of these arrests were for theft or burglary.[2]  Only one of his convictions was counted toward his criminal history category in his Pre-Sentencing Investigation Report ("PSI").  He thus received a criminal history category of II.

Based on his total offense level[3] and his criminal history category, Fontanez's guideline range spanned from thirty-three to forty-one months of imprisonment.[4]  The statutory maximum sentence was twenty years.  18 U.S.C. § 1951(a).  The District Court, after weighing the § 3553(a) factors, sentenced Fontanez to seventy-two months in prison.  It based this above-guideline sentence

---

[1] For example, in 1996, Fontanez was convicted of burglary.  That same year, Fontanez was convicted of robbing a convenience store with a firearm.  In 2001, he was convicted of kidnapping and aggravated assault with a deadly weapon after he wounded his girlfriend and mother with a knife.

[2] To illustrate, Fontanez was arrested in 2010 for aggravated battery and aggravated assault with a deadly weapon.  He was arrested in 2017 for possession of cocaine and drug paraphernalia, with charges pending.

[3] The probation officer applied a base-offense level of twenty.  U.S.S.G. § 2B3.1(a). Fontanez received a two-level enhancement for making a threat of death, § 2B3.1(b)(2)(F), and a three-level reduction for accepting responsibility for the offense, § 3E1.1(a)–(b).  His total offense level was nineteen.

[4] Neither Fontanez nor the Government objected to the guideline calculations in the PSI.

on the threat Fontanez posed to the public and his extensive criminal history, including those convictions that were not counted in calculating his criminal history category.

### III.

Fontanez challenges his sentence as substantively unreasonable. He contends that the District Court abused its discretion in sentencing him in excess of the guidelines range given his history of mental illness and the circumstances surrounding the crime, namely his mother's death and the loss of his support structure. In other words, Fontanez argues that the District Court placed too much emphasis on his previous convictions and not enough emphasis on his mental illness.

The District Court thoroughly considered each of the § 3553(a) factors. In the sentencing hearing, the District Court again and again granted that Fontanez suffered from mental health problems, but reiterated that his extensive criminal history combined with the gravity of his conduct warranted a sentence exceeding the guideline range. Given his criminal history, the District Court worried that a shorter sentence would endanger the public. It therefore sentenced him to six years and ordered three years of supervised release during which Fontanez would receive mental health and drug treatment.

In reaching this sentence, the District Court put great weight on Fontanez's extensive criminal history and the threat Fontanez poses to the public in light of that history. It was within the District Court's discretion to do so. *Langston*, 590 F.3d at 1237. The PSI, after all, reveals that Fontanez has a criminal record rife with theft, burglary, and violence. The District Court thus sought to impose a sentence sufficient to protect the public but not greater than necessary. Indeed, in doing this, the District Court set a sentence lower than it originally intended because of Fontanez's mental illness and the passing of his mother, who was his caretaker.

We see no reason to disturb the District Court's balancing of the § 3553(a) factors; we certainly lack a clear conviction that the District Court committed a clear error in weighing them. *Pugh*, 515 F.3d at 1191; *see United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (stating that "significant reliance on a single factor does not necessarily render a sentence unreasonable"). The District Court set a sentence that fell well below the statutory maximum[5] and well within the range of reasonable sentences given the extent of Fontanez's criminal history and the gravity of his crime. His sentence was not substantively unreasonable.

**AFFIRMED.**

---

[5] *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.").